IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GARY DON STRICKLAND | § | |
| v. | § | CIVIL ACTION NO. 6:06cv408 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Gary Don Strickland, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Strickland was convicted of murder, receiving a sentence of life in prison.  His federal habeas corpus petition raised seven grounds for relief, including allegations that the evidence was legally and factually insufficient to support the conviction, a jury request on the lesser included offense of manslaughter was denied, a motion to suppress the confession was denied, the conviction was obtained as a result of a coerced confession, Strickland was not tried by a jury of his peers, and he received ineffective assistance of counsel on appeal.

The Magistrate Judge ordered the Respondent to answer the petition, and a response was filed.  Strickland did not file a reply to the response.

On September 13, 2007, the Magistrate Judge issued a Report recommending that Strickland's petition be denied.  The Magistrate Judge concluded that: Strickland's claim of legal insufficiency of the evidence was procedurally barred; his claim of factual insufficiency set out only a question of state law and was also procedurally barred, his claim of denial of an instruction on a

1

lesser included offense did not raise a constitutionally cognizable issue, his claim that the confession should have been suppressed because it was the result of an unlawful arrest was barred under the doctrine of Stone v. Powell, 428 U.S. 465 (1976), the claim that the confession was coerced lacked merit, the claim that he was not tried by a jury of his peers was procedurally defaulted, and the claim that he received ineffective assistance of counsel on appeal lacked merit.  The Magistrate Judge also recommended that Strickland be denied a certificate of appealability *sua sponte*.

Strickland filed objections to the Magistrate Judge's Report on October 1, 2007.  In his objections, Strickland argues first that his claim concerning the allegedly coerced confession should not be procedurally defaulted because he is actually innocent of the charges.  He says that other than his confession, there is no evidence linking him to the murder.  Strickland also contends that if his claim on this point is procedurally defaulted, it was the result of ineffective assistance of counsel.

Although the Respondent argued that Strickland's claim on this point was procedurally defaulted, the Magistrate Judge did not so hold.  On the contrary, the Magistrate Judge said that it was "by no means clear" that the claim was procedurally defaulted, because the trial court ruled that the statement had been knowingly and voluntarily made, and then addressed the claim on its merits, concluding that Strickland had failed to show that the confession was coerced.

Thus, Strickland's objections, which focus on procedural default, are off the mark. Strickland's objections offer nothing to show that the Magistrate Judge's conclusion was in error or that the confession was in fact coerced.  As the Magistrate Judge stated, Strickland must show that but for police coercion, he would not have given the confession, and Strickland made no such showing.  Although Strickland argues at length that he is "actually innocent," this argument is directed at a finding of procedural default, but as noted above, no such finding was made.[1]  His

---

[1]The Fifth Circuit has held that to establish actual innocence in the procedural-default context, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence.  *See* Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999). Strickland has offered no new evidence, much less shown that any such evidence made it more likely than not that no reasonable juror would have convicted him in light of such evidence.

assertions that he did not write the confession and that it contained several statements which were not exactly what he said were thoroughly addressed by the Magistrate Judge.  Strickland's first objection is without merit.

Second, Strickland objects to the Magistrate Judge's conclusion concerning his claim of ineffective assistance of counsel.  He says that because his appellate counsel failed to set out an adequate argument during the hearing on the motion to suppress the confession, this failed to preserve any error with respect to the reliability of the confession for purposes of appellate review.

This is not the same argument which Strickland made in his petition, but appears to be a claim of ineffective assistance of counsel at trial, rather than on appeal.  The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court.  Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), citing United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).  In this case, Strickland raises for the first time in his objections a claim that counsel was ineffective at the hearing on the motion to suppress, and so this claim is not properly before the Court.

Even were it before the Court, Strickland has failed to show that he is entitled to relief on the claim.  He says that counsel failed to preserve any error with regard to the reliability of his confession, but does not show that but for this alleged failure, the result of the proceedings, at trial or on appeal, would probably have been different.  Even Strickland's own trial testimony did not indicate that the confession was coerced or had been given under duress.  As noted by the Magistrate Judge, Strickland testified at trial that his statement was not true because he was afraid of Stevie Hodge, not because the law enforcement agents had coerced him.  The Supreme Court has stated that coercive police activity is a necessary predicate to a finding that a confession is not voluntary.  Colorado v. Connelly, 479 U.S. 157, 167 (1986).  Strickland has not shown that but for the allegedly ineffective actions of counsel, whether at trial or on appeal, the result of the proceeding would probably have been different.  His objection on this ground is without merit.

3

Finally, Strickland objects to the Magistrate Judge's recommendation that he be denied a certificate of appealability.  Strickland avers that the issue concerning his actual innocence is adequate to deserve encouragement to proceed further, because the Upshur County Sheriff's Department has never launched an investigation into the whereabouts of Stevie Hodge, whom Strickland says is the "real killer."

However, Strickland did not raise an issue of actual innocence in his original petition, nor has he offered any evidence of actual innocence.  Even if he had done so, the Supreme Court has observed that claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas corpus relief absent a constitutional violation in the underlying state criminal proceeding.  Herrera v. Collins, 113 S.Ct. 853, 860 (1993), *citing* Townsend v. Sain, 372 U.S. 293, 317 (1963).  Nor has Strickland shown that he is entitled to a certificate of appealability on any of the grounds for relief which he did raise in his petition, Strickland's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer of the Respondent, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Gary Don Strickland is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 18th day of October, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**